Martínez et al., Recurrente, *v.* El Registrador de Arecibo, Recurrido.

Recurso gubernativo interpuesto contra nota del Registrador de la Propiedad de Arecibo denegatoria de la inscripción de una escritura de partición de herencia.

No. 421.—Resuelto en agosto 1, 1919.

Partición de Herencia Entre Herederos Adultos y un Supuesto Hijo Natu-
ral—Donación—Bienes Hereditarios—Hijos Naturales—Inscripción de
Particiones.—Cuando todos los herederos son adultos y otorgan una escritura
de partición y liquidación de la herencia entre sí y con un extraño, dicha
partición es válida, aun cuando se adjudique al extraño, como hijo natural,
lo que no le correspondería legalmente, pues las particiones de herencia
aprobadas por todos los interesados constituyen entre ellos un vínculo ju-
rídico inalterable, mientras no sean judicialmente rescindidas; aparte de
que de acuerdo con los artículos 4 y 1025 del Código Civil las personas
adultas pueden establecer una relación legal cuando no existió ninguna antes
y pueden asimismo donar sus bienes; y si la escritura de partición es vá-
lida por su faz el registrador debe inscribirla, aunque exista duda alguna
respecto a su validez, pues los derechos que tengan las partes deberán ven-
tilarse en un procedimiento judicial.

Fraude—Errores de Ley.—A falta de fraude las cortes generalmente no inter-
vienen para corregir errores de ley. *Arandes* v. *Báez*, 20 D. P. R. 388.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Manuel Paz Urdaz.*

El registrador recurrido, Sr. Raúl Benedicto, compareció por escrito en nombre propio.

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

Somos de opinión que cuando herederos adultos otorgan una escritura de partición y liquidación de sus bienes entre sí y con un extraño, dicha partición es válida. En este caso la peticionaria era una hija natural y la cuestión que se suscitó era que ella no tenía derecho por representación de su padre natural a la herencia de su abuelo natural, y se cita el caso de *Soriano* v. *Rexach, etc.*, 23 D. P. R., 573, pero suponiendo que no tuviera ella tal derecho a la herencia, se presume que los adultos en este caso conocen la ley y que si dividieron los bienes con la recurrente quedan obligados por tal partición. A falta de fraude las cortes generalmente no intervienen para corregir errores de ley. *Arandes* v. *Báez*, 20 D. P. R. 388. La escritura hasta puede haber sido consecuencia de una transacción para evitar litigio. De acuerdo con los artículos 4 y 1025 del Código Civil las personas adultas pueden establecer una relación legal cuando no existió ninguno antes y pueden donar sus bienes.

"Aun en el supuesto de que en las respectivas hijuelas aparezca que se adjudican cantidades a personas no designadas como herederos, no es obstáculo para inscribir la adjudicación de una finca, si aparece hecha con el consentimiento de todos los interesados y ha recaído aprobación judicial si alguno de éstos es menor." (Resolución de la Dirección General de los Registros de España de 18 de junio de 1885.)

"Las particiones de herencia aprobadas por todos los interesados en las mismas, constituye entre ellos un vínculo jurídico inalterable, mientras no sean judicialmente rescindidas." (Resolución de la Dirección General de los Registros de España de 30 de junio de 1910.)

Sostiene el registrador que de crearse esta nueva relación o darse esta finca al hijo natural la escritura debe expresar claramente tal intención. Pero las palabras deben interpretarse según su sentido natural. En este caso no solamente hubo una adjudicación al hijo natural sino que la escritura expresaba que las partes "aceptan como válida y eficaz la adjudicación hecha a Juana Herrera en representa-

ción de su padre." No hubo representación por su parte de que ella era una heredera cuando no lo era, o que ella se hacía pasar por otra persona y, por tanto, no es aplicable el artículo 1048 del Código Civil. *Arandes* v. *Báez,* 20 D. P. R. 388, *supra.* Ese artículo es aplicable, por ejemplo, a una persona que dícese es hijo de determinada persona y no es tal hijo.

Sin embargo, si existe alguna duda respecto a la validez de esta escritura de partición la misma es válida por su faz y los derechos que tengan las demás partes deben ventilarse en un procedimiento judicial.

La nota recurrida debe ser revocada y verificarse la inscripción.

> *Revocada la nota recurrida y ordenada la inscripción.*

Jueces concurrentes: Sres. Asociados del Toro, Aldrey y Hutchison.

El Juez Presidente Sr. Hernández no tomó parte en la resolución de este caso.